IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 03-72-02 |
| | ) |
| LAMONT WASHINGTON, | ) |
| Defendant. | ) |

## OPINION

On July 19, 2004, defendant Lamont Washington ("defendant") in the above-captioned criminal case (the "03-72 case")—having pleaded guilty to conspiring to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846—was sentenced by the undersigned judge to a term of imprisonment of 168 months and a term of supervised release of five years, with the term of imprisonement to concurrently run to the term of imprisonment imposed upon defendant at criminal action number 02-93.

On July 20, 2004, defendant in criminal case number 02-93 (the "02-93 case")—having pleaded guilty to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841—was sentenced by the Honorable Donetta Ambrose to a term of imprisonment of 158 months and a term of supervised release of five years, with the term of imprisonment to concurrently run with the term of imprisonment imposed in the 03-72 case.

On October 26, 2006, the court in the 03-72 case reduced defendant's sentence to a term of imprisonment of time served. (03-72 case ECF No. 814.) On June 25, 2009, the court in the 02-93 case—after defendant was released from imprisonment—determined defendant violated his conditions of supervised release, revoked defendant's term of supervised release, and

sentenced defendant to a term of imprisonment of thirty months and a term of supervised release of two years. (02-93 case ECF No. 833.)

On March 27, 2013, an indictment was filed at criminal action number 13-91 charging defendant with possession with intent to distribute and distribution of one hundred grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841. ("13-91 case"). (13-91 case ECF No. 1.) On August 21, 2013, defendant pleaded guilty to the offense charged in the indictment in the 13-91 case. (13-91 case ECF No. 28.) On July 21, 2014, defendant was sentenced in the 13-91 case to a term of imprisonment of 47 months and a term of supervised release of eight years. (13-91 case ECF No. 44.) On the same day (July 21, 2014), the court in the 03-72 case determined defendant violated his terms of supervised release imposed in the 03-72 case, revoked his term of supervised release, and sentenced defendant to a term of imprisonment of eighteen months and a term of supervised release of three years, with the term of imprisonment to consecutively run to the term of imprisonment imposed in the 13-91 case. (03-72 case ECF No. 1166.) On August 5, 2014, the court in the 02-93 case determined defendant violated his terms of supervised release, revoked defendant's term of supervised release, and sentenced him to a term of imprisonment of eighteen months to concurrently run to the term of imprisonment imposed in the 03-72 case. (02-93 case ECF No. 1096.)

Defendant is currently imprisoned on the charges contained in the indictment in the 13-91 case (47 months), the violation of the conditions of supervised release in the 03-72 case (18 months to consecutively run to the term of imprisonment imposed in the 13-91 case), and the violation of the conditions of supervised release in the 02-93 case (18 months to run concurrently

with the term of imprisonment imposed in the 03-72 case), for a total term of imprisonment of sixty-five months.

On March 13, 2015, defendant in the 03-72 case filed a motion to reduce sentence, pursuant to 18 U.S.C. § 3583(c)(2). Defendant asks the court to "recalculate his sentence based on the new guidelines and apply the two point reduction for all drug-related offenses to this case." (ECF No. 1170 at 2.) Defendant's request is based upon Amendment 782 to the United States Sentencing Guidelines, which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense levels assigned to drug quantities that trigger the statutory mandatory minimum penalties in § 2D1.1, and made parallel changes to §2D1.11.

Reductions in the term of imprisonment resulting from the amendment of a guideline range is governed by the policy statement found in U.S.S.G. § 1B1.10. Pursuant to Application Note 7(A) of § 1B1.10:

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

Defendant filed his motion for reduction in sentence only in the 03-72 case, for which he is serving an eighteen month term of imprisonment based upon a violation of the conditions of his supervised release imposed in the 03-72 case. Defendant, therefore, is not entitled to the relief he requests in this case because he is not serving a term of imprisonment that was part of his original sentence. Defendant's motion will, therefore, be denied.

As discussed supra, defendant is currently also serving a forty-seven month term of incarceration based upon his conviction of the charges contained in the indictment in the 13-91 case. The denial of defendant's motion for reduction in this case is without prejudice to defendant filing a motion for reduction in sentence in the 13-91 case. The court at this stage of

the proceedings has not determined whether defendant is entitled to a reduction in sentence in that case. An appropriate order will be entered.

                BY THE COURT,

Dated: July 7, 2015          /s/ Joy Flowers Conti
                  Joy Flowers Conti
                  Chief United States District Judge